In the Matter of VINCENT A. COOKE, Personally and as President of the Lieutenants' Benevolent Association, on Behalf of Himself and Other Members of His Class, Respondents, *v.* POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Appellants.

First Department, October 10, 1974.

*Adrian P. Burke, Corporation Counsel* (*L. Kevin Sheridan* and *Nina G. Goldstein* with him on the brief), attorney for appellants.

*Schofield & Dienst* (*Richard A. Dienst* of counsel), for respondents.

*Paul G. Chevigny* for New York Civil Liberties Union, *amicus curiae.*

*Per Curiam.* This article 78 proceeding challenges the right of the Police Commissioner of the City of New York to require uniformed members of the force to wear nameplates as violative of their constitutional rights of privacy and equal protection of the law.

Specifically the petitioner lieutenant's challenge is that the nameplate requirement is unconstitutional in that it will subject him to an increased risk of harassment and violate his right to privacy and anonymity and that the requirement, as initially applied to lieutenants while on the streets, and not those of lesser ranks while on the streets, denies lieutenants the equal protection of the laws.

The Police Commissioner, as chief executive of the department, has the authority and the responsibility to establish and implement department rules and regulations. Long-established Police Department regulations already require that members of the force give their names and shield numbers upon request. The implementation of the nameplate program is to be gradual. Initially all members working in headquarters or in station houses, and all officers with the rank of lieutenant or higher, on the street and elsewhere, will be required to wear nameplates.

The record amply justifies the Police Commissioner's adoption of the plan. In short, it is intended to modernize and improve the quality of police service by more personal contact between police officers and the community. A survey of seven major cities which have nameplate requirements indicates that there have been no reports of nameplate connected harassment of police officers or their families and that after a few weeks' implementation, the value of the nameplates is realized by field personnel, and most opposition ceases.

A police officer possesses no right of anonymity while in uniform in the face of the public right to know the identity of a public officer, particularly one who is armed and invested with

such awesome authority. '' Exposure of the self to others in varying degrees is a concomitant of life in a civilized community.'' (*Time, Inc.* v. *Hill,* 385 U. S. 374, 388.) As stated by the court in *Rosenberg* v. *Martin* (478 F. 2d 520, 524–525 [2d Cir., 1973], cert. den. 414 U. S. 872) '' thus far only the most intimate phases of personal life '' have been held to be protected under a constitutional right to privacy. The commissioner's articulated reasons for the program and the results of his preliminary investigation, clearly show a legitimate State interest reasonably related to the regulation. Basically, the identification requirement is not new. It is merely an extension of identification by badge number and by name upon request.

We hold that the Police Commissioner's order directing the wearing of nameplates by uniformed police officers while on duty lawful and not violative of petitioners' constitutional right of privacy.

We find no merit to the petitioners' claim that lieutenants are denied equal protection of the laws in that, in the initial phase of the program, lieutenants and those of higher rank are not being treated the same as other members of the department. '' The reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. * * * The prohibition of the Equal Protection Clause goes no further than the invidious discrimination.'' (*Williamson* v. *Lee Optical Co.,* 348 U. S. 483, 489.)

The order directing a trial, granting petitioners' motion for leave to take depositions of the respondents and granting injunctive relief *pendente lite,* should be reversed, on the law, and the petition dismissed, without costs.

McGivern, P. J., Nunez, Murphy, Tilzer and Capozzoli, JJ., concur.

Order, Supreme Court, New York County, entered on October 4, 1973, unanimously reversed, on the law, without costs and without disbursements, and the petition dismissed.